Mario Pittoni, J.
Motion to strike from the calendar is denied.
We are faced with a situation in which summary judgment was recently granted by Mr. Justice Robixsox, with a direction that the case be put on the Trial Term, Part I Calendar for assessment of damages on October 26, 1959, and the filing of a note of issue and statement of readiness pursuant to that direction. However, the defendant complains, and not without warrant, that there has been no physical examination of the plaintiff by the defendant, and no written authorization by the plaintiffs to the defendants to review the hospital records.
*212 To grant the motion at this time would only cause double work on all sides and would tend to defeat Mr. Justice Robihsoh’s directions. Furthermore, we are still in a state of uncertainty as to the method and details necessary to put a case on the Trial Calendar for the purpose of a trial on the issue of damages after a motion for summary judgment has been granted on the issue of liability. Thus, some mistakes are bound to be made and will necessitate a practical solution in each such case even when not within the exact letter of the statement of readiness rule.
Therefore, the injured plaintiff is directed to appear on a day and time to be fixed in the proposed order at the office of a physician named in the order, or on a day and at the office of a physician agreed upon by stipulation; and shall also give written authorization for the inspection of hospital records within five days after the service of a copy of the order herein.
Submit order.